## EDGAR SPREITER AND OTHERS v. NATIONAL BANK OF DODGE COUNTY AT KASSON.[1]

December 3, 1937.

No. 31,440.

*C. D. Simpson* and *Sasse, French & Dunnette,* for appellants.
*A. H. Clemens,* for respondent.

LORING, JUSTICE.

The case comes here on appeal from an order sustaining a demurrer to the complaint on the grounds of defective parties plaintiff, that two causes of action are improperly united, and that the facts stated in the complaint do not constitute a cause of action.

The complaint sought recovery for the plaintiffs and others similarly situated upon certain participating trust certificates issued by C. L. Willyard, trustee of a participating trust created by the depositors of the defendant bank, under an agreement by which more than 90 per cent of the depositors consented to a reduction of 25 per cent in the amount of the money deposited in their names in the bank. For the remaining 75 per cent of their certificates of deposit they accepted certificates of deposit payable in one, two, three, four, and five years. For their open accounts they agreed not to withdraw in excess of 10 per cent thereof per month. Certain assets of the bank were charged off and set aside for the benefit of the depositors who had agreed to the reduction and were to be liquidated for their benefit through a trustee appointed by the district court

[1] Reported in 276 N. W. 242.

Evidently Willyard was appointed by the district court as trustee under the depositors' agreement which was executed by the various depositors between the eighth day of October, 1932, and the fifth day of December of that year, on which latter date the participating trust certificates were dated. It is alleged in the complaint that the depositors' agreement was made for the purpose, as recited therein, of conserving the assets of the bank for the mutual benefit of the depositors and to insure the continued operation of the bank. It is alleged that on the 29th day of April, 1935, the bank violated its contract by discontinuing operations as a bank. Each of the two plaintiffs in their complaint declare the agreement canceled and tender surrender of their participation trust certificates to the bank. The complaint then declares the defendant indebted to each plaintiff in the respective sums represented by their certificates and asks for judgment for each in such amount, and for a like judgment for each of the other unnamed depositors.

In view of the disposition which we make of the third and last ground of demurrer, we do not need to consider the matter of defect of parties or misjoinder of causes. The trial court found no cause of action stated against the defendant bank, and careful scrutiny of the complaint discloses none to us. The only breach charged is that the bank ceased to operate some two and one-half years after the making of the depositors' agreement. No charge is made that the bank failed in any other respect to perform. Obviously, the trust was created as provided for in the agreement, and the trust certificates were issued by the trustee. Neither the trust agreement nor the participating certificate was conditioned upon the bank operating for any definite period of time. In our opinion, when the assets were set aside and the trust certificates issued by the trustee appointed by the court, liability of the bank to the depositors under the provisions of the trust certificates ceased and the obligations created under such certificates were wholly those of the trustee.

The order appealed from is affirmed.